STATE

v.

**Frank AMADO.**

No. 89–131–C.A.

Supreme Court of Rhode Island.

Oct. 12, 1989.

James E. O'Neil, Atty. Gen., Jane M. McSoley, Jeffrey J. Greer, Sp. Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Barbara Hurst, Asst. Public Defender, for defendant.

OPINION

PER CURIAM.

In September 1986 a Superior Court jury returned a guilty verdict on a charge that the defendant had assaulted a female with a dangerous weapon—a knife. The jury also returned not guilty verdicts on two other charges—one charge concerned the alleged commission of a first-degree sexual assault and the other charge related to an alleged assault with intent to murder. On October 3, 1989, the defendant, through his counsel, appeared before this court to show cause why his appeal on the dangerous weapon conviction should not be summarily dismissed.

The defendant faults the trial justice in two areas. Initially he claims that his counsel should have been permitted to interrogate the victim relative to her arrest for prostitution which took place four days after the alleged assault. Although the trial justice would not allow such a direct approach, defendant's counsel did ask the victim whether she had received a one-year suspended sentence for prostitution stemming from a June 8, 1987 arrest.

The defendant also faults the charge given by the trial justice relative to the presence of criminal intent. One request sought to inform the jury that an assault carries with it "intent to do harm to another, without justification or excuse." The other request sought to inform the jury that criminal intent was lacking if the person accused has used reasonable force to protect himself and does not intend to do harm to another.

This court has stated on many occasions that a trial justice may charge the jury in his or her own words so long as the applicable law is set forth. *State v. D'Alo*, 435 A.2d 317 (R.I.1981). Here the trial justice, while not charging the jury in the exact words sought by the defendant, did tell the jury that it should

"[b]ear in mind that an act is done knowingly if done voluntarily and intentionally, not because of mistake or accident or other innocent reason.

"In the context of this case the term unlawful means without lawful authority or justification to commit the act, and without the consent of the person against whom the assault is directed."

Consequently, the definitions given by the trial justice informed the jury that if the stabbing was an accident, as was the defendant's claim, then he did not have the requisite intent to be convicted of assault.

Since the defendant has failed to show cause, the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed.